IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CYBOENERGY, INC.,**<br>　　　　　　　　**Plaintiff,**<br>v.<br>**YOTTA ENERGY, INC.,**<br>　　　　　　　　**Defendant.** | Case No. 1:25-cv-01300<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

CyboEnergy, Inc. ("CyboEnergy") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 9,331,489 ("the '489 patent") and U.S. Patent Nos. 9,331,488 ("the '488 patent") (referred to as the "Patents-in-Suit") by YOTTA Energy, Inc ("YOTTA").

I. THE PARTIES

1. Plaintiff CyboEnergy is a Delaware Corporation with its principal place of business located in Sacramento County, California.

2. On information and belief, YOTTA is a corporation existing under the laws of Delaware with a regular and established place of business located at 3100 Alvin Devane Blvd. A200, Austin, TX 78741. On information and belief, YOTTA sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever they may be found.

1

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 4881 and 4888(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

### A. Infringement of the '489 Patent

6. On May 3, 2016, U.S. Patent No. 9,331,489 ("the '489 patent," attached as Exhibit A) entitled "Maximizing Power Production at Low Sunlight by Solar Power Mini-Inverters" was duly and legally issued by the U.S. Patent and Trademark Office. CyboEnergy owns the '489 patent by assignment.

7. The '489 patent relates to novel and improved power inverters.

8. YOTTA maintains, operates, manufactures, offers for sale and sells power inverters that infringe one or more claims of the '489 patent, including one or more of claims 1-16, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '489 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) such as to cause infringement of one or more of claims 1-16 of the '489 patent, literally or under the doctrine of equivalents. For clarity, direct infringement is previously alleged in this complaint.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing

them to use Defendant's Accused Products/Systems (e.g., power inverters) and related services such as to cause infringement of one or more of claims 1-16 of the '489 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services and the component is a material part of the invention.  The only reasonable uses of the products and services are infringing uses and there is no evidence to the contrary. The product and service are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use.

12.     YOTTA has caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing infringement of) the claims of the '489 patent.

**B. Infringement of the '488 Patent**

13.     On July 22, 2014, U.S. Patent No. 9,331,488 ("the '488 patent," attached as Exhibit C) entitled "Enclosure and Message System of Smart and Scalable Power Inverters" was duly and legally issued by the U.S. Patent and Trademark Office.  CyboEnergy owns the '488 patent by assignment.

14.     The '488 patent relates to novel and improved power inverters.

15.     YOTTA maintains, operates, manufactures, offers for sale and sells power inverters that infringe one or more claims of the '488 patent, including one or more of claims 1-17, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '488 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16.     Support for the allegations of infringement may be found in the following the

chart attached as Exhibit D.  These allegations of infringement are preliminary and are therefore subject to change.

17. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) such as to cause infringement of one or more of claims 1-17 of the '488 patent, literally or under the doctrine of equivalents.

18. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services, such as through the information and support Defendant provides its users, including product manuals, brochures, videos, demonstrations, and website materials encouraging its users to purchase and instructing them to use Defendant's Accused Products/Systems (e.g., power inverters) and related services such as to cause infringement of one or more of claims 1-17 of the '488 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services and the component is a material part of the invention.  For clarity, direct infringement is previously alleged in this complaint.  The only reasonable uses of the products and services are infringing uses and there is no evidence to the contrary. The product and service are not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use.

19. YOTTA has caused and will continue to cause CyboEnergy damage by direct and indirect infringement of (including inducing infringement of) the claims of the '488 patent.

## IV. CONDITIONS PRECEDENT

20. Plaintiff requires its licensees to mark any products produced for or under Plaintiff's patents. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

21. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the patent-in-suit, and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produced a patented article.

## V. PRAYER FOR RELIEF

WHEREFORE, CyboEnergy prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patents-in-suit;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement; and

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

g. award Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for CyboEnergy, Inc.***